**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:26-cr-00012(1)** |
| | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **DEXTER C. TYE,** | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Dexter C. Tye's change of plea. Defendant previously pleaded not guilty to an Indictment, which charged him with one Count of Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 84l(a)(l), 84l(b)(b(1)(A)(viii), and 846 [Count 1]; two Counts of Distribution of Methamphetamine in violation of 21 U. S.C. §§ 841(a)(l) and 841(b)(l)(A)(viii) [Counts 2 and 3]; one Count of Distribution of Methamphetamine in violation of 21 U. S.C. §§ 841(a)(l) and 841(b)(l)(B)(viii) [Count 4]; and one Count of Possession with Intent to Distribute Methamphetamine in violation of 21 U. S.C. §§ 841(a)(l) and 841(b)(l)(A)(viii) [Count 5]. (*See* ECF No. 43.)[1] On July 9, 2026, Defendant, through counsel, filed a Notice of Intent to Plead Guilty to the Indictment.

On July 28, 2026, Defendant personally appeared with his counsel before the Undersigned for a change of plea proceeding. Defendant consented in writing and on the record, pursuant to 28

[1] The Indictment also contained a forfeiture allegation, providing that upon conviction of one or more of the offenses as alleged in Counts One through Five of the Indictment, Defendant Tye shall forfeit pursuant to 21 U. S.C. § 853(a): (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s); and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

U.S.C. § 636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Carson*, 32 F.4th 615, 619, 622 (6th Cir. 2022) (discussing a change of plea hearing with a magistrate judge presiding); *United States v. Taylor*, 719 F. App'x 495, 497 98 (6th Cir. 2018) (affirming district court's denial of a criminal defendant's attempted guilty plea withdrawal following a change of plea hearing held before a magistrate judge).

During the plea proceeding, the Undersigned observed the appearance and responsiveness of Defendant in answering questions. Based on that observation, the Undersigned is satisfied that, at the time he entered his guilty plea, Defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Further, prior to accepting Defendant's plea, the Undersigned addressed Defendant personally in open court and determined his competence to plead. Based on the observations of the Undersigned, and Defendant's answers to my questions, I find that Defendant understands the nature and meaning of the charges in the Indictment and the consequences of his plea of guilty to Counts One through Five of the Indictment and the forfeiture allegation. Defendant was also personally addressed in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure and indicated that he knowingly was waiving those rights by entering a plea of guilty. Defendant was likewise advised that the District Judge may accept or reject his guilty plea and that all sentencing terms will be determined by the District Judge.

Having engaged in the colloquy required by Rule 11, the Undersigned concludes that Defendant's plea of guilty to Counts One through Five of the Indictment and the forfeiture allegation is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses charged. Defendant further agreed that he is pleading

guilty to Counts One through Five of the Indictment and the forfeiture allegation knowingly and voluntarily, and not as a result of any force, threats, or promises.

Defendant confirmed the accuracy of the statement of facts supporting the charge, as presented by the Government in Court at the change of plea hearing. He confirmed that he is pleading guilty to Counts One through Five of the Indictment and the forfeiture allegation because he is in fact guilty of those crimes. The Undersigned concludes that there is an independent factual basis for his guilty plea.

Based on the foregoing, the Undersigned concludes that Defendant's plea of guilty to Counts One through Five of the Indictment and the forfeiture allegation is knowingly and voluntarily made with understanding of the nature and meaning of the charges in the Indictment and of the consequences of the plea of guilty to Counts One through Five and the forfeiture allegation.

It is therefore **RECOMMENDED** that Defendant's guilty plea to Counts One through Five of the Indictment and the forfeiture allegation be accepted.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by Defendant and his counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; Defendant's attorney may be present if Defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn*, 474 U.S. 140 (1985).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**